JOHN PREDIGER, APPELLEE, V. LINCOLN TRACTION COMPANY, APPELLANT.

FILED DECEMBER 4, 1914.    No. 17,843.

1. **Trial: VERDICT: INSTRUCTIONS.** Where a verdict does not disregard an instruction, when interpreted with the entire charge, it will not be set aside on appeal merely because it may seem to be inconsistent with an isolated paragraph.

2. **Master and Servant: INJURY TO SERVANT: ACTIONABLE NEGLIGENCE.** In an action for personal injuries, a foreman's peremptory order to an employee in a trench to raise alone with his hands the end of a heavy iron pipe may be given under such circumstances as to amount to actionable negligence.

3. **Negligence: QUESTION FOR JURY.** Issues of negligence are questions for the jury, where the evidence is sufficient to sustain a verdict in favor of plaintiff.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*C. S. Allen* and *O. B. Clark,* for appellant.

*Wilmer B. Comstock* and *H. A. Reese, contra.*

ROSE, J.

The action is one to recover damages in the sum of $10,000 for personal injuries. Plaintiff and others in the employ of defendant were engaged in laying a line of pipe in a trench. Beginning at defendant's power-house three separate pieces of the pipe, each at least 16 feet long, were laid lengthwise and united at the ends by flanges and bolts. While plaintiff was in the trench attempting alone to lift with his hands the open end of the pipe he was severely injured. The negligence imputed to defendant arises from alleged acts of its foreman in peremptorily ordering plaintiff, under the existing circumstances, to lift a weight which was too heavy for him, and in threatening to discharge him, if he did not proceed to do so, though plaintiff had previously said the pipe was too heavy for him to lift, and had asked without avail for permission to use a lever. The answer contained a general denial and a plea of contributory negligence. Assumption of risk was also pleaded as a defense. The reply was a general denial. From a judgment on a verdict in favor of plaintiff for $2,872.25, defendant has appealed.

A reversal is asked on the alleged ground that the jury disobeyed an instruction that the foreman, "If he had seen plaintiff voluntarily lift the pipe, just before the accident occurred, a distance of six inches, he would be justified in directing him to lift it again an inch or two higher." Defendant insists that the testimony of plaintiff shows that he had once willingly lifted the pipe immediately before he was hurt, and that therefore the verdict in his favor was a violation of the instruction mentioned. An instruction immediately following the language quoted modified it and directed the attention of the jury to testimony that plaintiff, after first having lifted the pipe, told the fore-

man it was too heavy for one man, and asked permission to use a lever, but was ordered to lift it with his hands on penalty of dismissal. The entire charge left the question of negligence, under all of the circumstances, to the jury. When the instructions are considered as a whole, as they should be, the verdict is not·contrary to any one of them.

The judgment is also assailed on the ground that the verdict is not sustained by sufficient evidence. It is contended by defendant that plaintiff had already safely lifted the pipe; that by the exercise of ordinary care he could have repeated the task without injury to himself; that he was accustomed to lifting, but failed to take the proper position; that he did not prepare the ground under his right foot for a heavy lift; that the weight of the pipe, as shown by the evidence, was not beyond his strength; that he assumed the risk and was injured through his own negligence. It does not necessarily follow from the evidence that the weight, when plaintiff first lifted the open end of the pipe, was the same as when he again attempted to lift it. After it had been raised six inches at the open end it was not level. It may fairly be inferred from the proofs that it would require greater strength to raise it higher on account of the increased rigidity of the flanges uniting it at the other end. There is proof tending to show: The walls of the trench were uneven. Under plaintiff's right foot there was loose earth which gave way. The weight was too heavy for one man to lift. It was heavy enough for two or three men. Plaintiff had already lifted the pipe six inches, and had asked the foreman without avail for permission to use a lever. The trial court submitted to the jury requests for special findings in answer to the following questions:

"1. After lifting the iron pipe the first time, did the plaintiff tell the foreman, in substance, that it was too heavy for him to lift?

"2. Did the defendant's foreman tell the plaintiff, in substance, to lift the iron pipe or quit and go home?"

The jury answered both in the affirmative, and the findings are sustained by the evidence. Under the circumstances shown by the proofs, the issue of negligence was a question for the jury, and their verdict is amply sustained by the evidence.

Further criticisms upon the giving and the refusing of instructions are sufficiently met by the discussion of the evidence and the law applicable thereto. Complaint of the verdict as excessive is clearly without merit.

AFFIRMED.

REESE, C. J., not sitting.

SEDGWICK, J., concurring.

I concur in the conclusion, but I do not think that the instruction, "If he had seen plaintiff voluntarily lift the pipe, just before the accident occurred, a distance of six inches, he would be justified in directing him to lift it again an inch or two higher," is consistent with the charge as a whole. Under that instruction and the evidence the jury must have found for the defendant. The instruction, however, is wrong, and is absolutely inconsistent with the whole charge, and the jury did right in disregarding it.

HAMER, J., concurs in the above.